UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
JOSEPH M. DARCY,

              Plaintiff,

  -against-                       03 CV 6898 (KMW)(DCF)

                                       ORDER AND OPINION
HON. JONATHAN LIPPMAN, individually and as
Chief Administrative Judge of the NYS Unified
Court System, HON. JUDY KLUGER, individually
and as Administrative Judge NYC Criminal Court,
HON. JUANITA BING-NEWTON, as successor to Judge
Kluger, HON. PATRICIA HENRY, individually and
as Executive Assistant to Judge Kluger, HON.
JOAN CAREY, individually and as Chief
Administrative Judge NYC Courts, MICHAEL COLODNER,
ESQ., individually and as Chief Counsel Unified
Court System, WILLIAM ETHERIDGE, individually and
as Chief Clerk NYC Criminal Court, DANIEL
ALESSANDRENO, individually and as First Deputy
Chief Clerk NYC Criminal Court, VINCENT MODICA,
successor to Daniel Alessandreno, JOHN DOE,
individually and as a member of "Central
Administration" of NYC Criminal Court, JANE DOE,
individually and as a member of "Central
Administration" of NYC Criminal Court, THE UNIFIED
COURT SYSTEM, THE STATE OF NEW YORK,

              Defendants.
----------------------------------------X
KIMBA M. WOOD, U.S.D.J.:

    Plaintiff Joseph M. Darcy ("Plaintiff") filed a pro se

Amended Complaint against (1) the State of New York ("NYS"); (2)

his employer, the New York State Unified Court System ("UCS");

and (3) a number of UCS supervisors and employees ("Individual

Defendants") (collectively, "Defendants"), claiming that

Defendants failed to make a reasonable accommodation for

Plaintiff's alleged disability.

## I.    Factual Background

The facts alleged by Plaintiff are set forth more fully in a Report and Recommendation dated January 25, 2008 (the "1/25/08 Report") (D.E. 26); this Court's Order dated December 19, 2006 (the "12/19/06 Order") (D.E. 12); and an earlier Report and Recommendation dated October 28, 2004 (the "10/28/04 Report") (D.E. 9), familiarity with which is assumed.

The following facts are drawn from Plaintiff's Amended Complaint and the Exhibits attached thereto.  All inferences have been drawn in favor of Plaintiff. See Allaire Corp. v. Okumus, 433 F.3d 248, 249-50 (2d Cir. 2006) (internal quotation marks and citation omitted).

Since May 12, 1977, Plaintiff has been continuously employed by Defendant UCS. (Am. Compl. ¶ 13, D.E. 13.) From March 1998 until August 2000, Plaintiff worked in the Richmond County Criminal Court, on Staten Island. (Id. ¶¶ 11, 17, 22.) On August 14, 2000, Plaintiff was hospitalized and diagnosed with systolic heart failure. (Id. ¶ 22.) On November 1, 2001, after approximately fourteen months of hospitalization and recovery, Plaintiff returned to work. (Id. ¶¶ 11, 25.) At that time, Plaintiff and Defendant William Etheridge allegedly agreed that Plaintiff would complete a Court Clerks Manual. Pursuant to this alleged agreement, during the course of the project, Plaintiff "would remain assigned to Staten Island," but "would divide his

2

work time between Manhattan and Staten Island." (Id. ¶ 26.) At the completion of the Court Clerks Manual, Plaintiff would return to Staten Island. (Id.) Despite this alleged agreement, Plaintiff was transferred to Brooklyn effective October 28, 2002, soon after the completion of the Court Clerks Manual. (Id. ¶ 32.)

Plaintiff undertook several actions to advocate for his transfer back to Staten Island. On October 10, 2002, he filed a request for a reasonable accommodation under the Americans with Disabilities Act, asking to be transferred back to Staten Island and citing his heart failure and the "continuing hardship" posed by "added commutation time." (Am. Compl. ¶ 33, Am. Compl. Ex. D.) On or about October 18, 2002, as an alternative to his request for a reasonable accommodation, Plaintiff expressed his willingness to accept a demotion in order to return to Staten Island. (Am. Compl. ¶ 35.) On October 28, 2002 and November 25, 2002, Plaintiff filed grievances based on his transfer to Brooklyn. (Id. ¶ 38.) On October 29, 2002, Plaintiff filed a Claim of Discriminatory Treatment with the UCS Office of the Special Inspector General for Bias Matters. (Id. ¶ 44.) On January 7, 2003, Plaintiff filed a complaint with the United States Equal Employment Opportunity Commission. (Id. ¶ 46.) Plaintiff alleged that all of his requests and filings were ignored or rejected. (Id. ¶¶ 34, 35, 37, 40-41, 44, 46).

On March 3, 2003, Plaintiff was transferred back to Staten

Island. (Am. Compl. ¶ 95.) However, Plaintiff alleged that his return to Staten Island required him to accept a less senior position. (Id.)

## II. Procedural Posture

On September 9, 2003, proceeding pro se, Plaintiff filed this action against Defendants. The Complaint alleged claims under the Americans with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. §§ 12101-12213; the Age Discrimination in Employment Act of 1976, (the "ADEA"), 29 U.S.C. §§ 621-634; and state and city law. (D.E. 1.)

### A. The First Motion to Dismiss

On November 10, 2003, Defendants moved for dismissal of this action pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (D.E. 6.)

The 10/28/04 Report recommended that (1) Plaintiff's ADA and ADEA claims against all Defendants be dismissed with prejudice; (2) Plaintiff be granted leave to file a motion to amend the Complaint to plead a claim under the Rehabilitation Act of 1973 (the "Rehabilitation Act"), 29 U.S.C. §§ 701-796l, within thirty days of the Court's Order; and (3) Plaintiff's state and city law claims be held in abeyance pending the filing of an Amended Complaint. (10/28/04 Report 14.) The 12/19/06 Order adopted the 10/28/04 Report in its entirety, (12/19/06 Order 2), and granted Plaintiff leave to file an Amended Complaint within thirty days

to allege a claim under the Rehabilitation Act, (Id. at 12).

On January 12, 2006, Plaintiff timely filed an Amended Complaint, purporting to plead a claim under the Rehabilitation Act and reasserting claims under the ADA and the ADEA.

**B. The Second Motion to Dismiss**

On April 20, 2007, Defendants filed a motion to dismiss the Amended Complaint in its entirety. (D.E. 22.) Specifically, Defendants argued that Plaintiff's Rehabilitation Act claim should be dismissed (1) as to all Defendants because the claim is barred by the applicable statute of limitations; (2) as to the Individual Defendants because there is no individual liability under the Rehabilitation Act; and (3) as to all Defendants because Plaintiff failed to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). (Defs.' Mem. 8-20, D.E. 20.)

Defendants, relying on the first motion to dismiss, further argued that Plaintiff's state and city law claims should be dismissed because (1) this Court should decline to exercise supplemental jurisdiction over the pendent state and city law claims if the Rehabilitation Act claim is dismissed; (2) Plaintiff failed to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) with respect to the New York State Human Rights Law, New York City Human Rights Law, and intentional infliction of emotional distress claims; (3) the

Individual Defendants are entitled to qualified immunity; and (4)
Plaintiff failed to exhaust his administrative remedies. (Defs.'
Mem. 8 n.2.)

The 1/25/08 Report recommended that (1) Plaintiff's
Rehabilitation Act claim against the Individual Defendants be
dismissed with prejudice; (2) Plaintiff's Rehabilitation Act
claim against Defendants NYS and UCS be dismissed without
prejudice to replead within thirty days of the Court's Order; and
(3) Plaintiff's state and city law claims be held in abeyance
pending Plaintiff's filing of a Second Amended Complaint.
(1/25/08 Report 19.) Plaintiff filed timely objections to the
1/25/08 Report ("Pl.'s Objections"). (D.E. 27, 28.) Defendants
responded to Plaintiff's objections, but filed no objections of
their own. (D.E. 29.)

For the reasons set forth below, this Court adopts the
recommendations set forth in the 1/25/08 Report.

**III. Discussion**

    **A.    Standard of Review for a Magistrate Judge's Report and
        Recommendation**

Where no timely written objections have been filed, the
Court reviews a magistrate judge's report and recommendation for
clear error. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)
advisory committee's note. Similarly, where a party "makes only
conclusory or general objections, or simply reiterates the
original arguments," the Court will review for clear error. Dixon

6

v. Ragland, 2007 U.S. Dist. LEXIS 85159, at *2-3 (S.D.N.Y. Nov. 16, 2007)(citations omitted); see also Pilgrim v. Luther, 2007 U.S. Dist. LEXIS 7410, at *7 (S.D.N.Y. Jan. 24, 2007)(citations omitted). However, where a party has filed timely written objections beyond those just described, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see Fed. R. Civ. P. 72(b) advisory committee's note.

As Plaintiff proceeds pro se, his objections "are generally accorded leniency." Dixon, 2007 U.S. Dist. LEXIS at *3 (citation omitted). Furthermore, the Court construes Plaintiff's objections to "raise the strongest arguments that they suggest." Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006)(citation omitted).

### B. The ADA and ADEA Claims

The Amended Complaint reasserted Plaintiff's ADA and ADEA claims. (Am. Compl. ¶¶ 2, 56-62, 72-75.) This Court previously dismissed with prejudice Plaintiff's ADA and ADEA claims as to all Defendants. (12/19/06 Order 11, 12.) The Court hereby reiterates that Plaintiff's ADA and ADEA claims have been dismissed with prejudice. Plaintiff is advised that he must remove the ADA and ADEA claims in any further pleadings.

### C. The Rehabilitation Act Claim

Defendants argued that Plaintiff's Rehabilitation Act claim

should be dismissed (1) as to all Defendants because the claim is barred by the applicable statute of limitations; (2) as to the Individual Defendants because there is no individual liability under the Rehabilitation Act; and (3) as to all Defendants because Plaintiff failed to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). (Defs.' Mem. 8-20.) The Court now turns to each of Defendants' arguments.

### 1.    The Statute of Limitations

The 1/25/08 Report recommended that the Rehabilitation Act claim should not be dismissed on statute of limitations grounds, (1/25/08 Report 5-7). No party filed objections to this recommendation or the underlying analysis. The Court therefore reviewed for clear error this portion of the 1/25/08 Report and finds it to be well-reasoned and free of any "clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee's note; see also Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). The Court therefore holds that Plaintiff's Rehabilitation Act claim should not be dismissed on statute of limitations grounds.

### 2.    Individual Liability Under the Rehabilitation Act

Defendants moved for dismissal of Plaintiff's Rehabilitation Act claim as to the Individual Defendants, arguing that individuals may not be held liable, in either a personal capacity or an official capacity, under the Rehabilitation Act. (Defs.'

Mem. 20.) The 1/25/08 Report recommended that the Rehabilitation Act claim should be dismissed with prejudice as to the Individual Defendants. (1/25/08 Report 5, 19.)

Plaintiff objected to this recommendation, arguing that, as a matter of equity, the Individual Defendants should not be shielded from liability.[1] Although Plaintiff's objection is conclusory, the Court will construe it to "raise the strongest arguments that [it] suggest[s]." Pabon, 459 F.3d at 248. The Court therefore construes Plaintiff's objection to argue that the Individual Defendants should not be shielded from liability because they acted in bad faith by ignoring his requests for a reasonable accommodation.[2] (Pl.'s Objections 1-2.) After de novo review, the Court hereby dismisses Plaintiff's Rehabilitation Act claim with prejudice as to the Individual Defendants.

Individuals may not be held liable, in either a personal capacity or an official capacity, under the Rehabilitation Act. Harris v. Mills, 478 F. Supp. 2d 544, 547-48 (S.D.N.Y.

_____

[1]Plaintiff objected that "[t]he Defendants collectively have acted in Bad Faith." (Pl.'s Objections 2.) Specifically, Plaintiff argued that his requests for a reasonable accommodation were "ignored by the named Defendants, although all are State Designated Policy Makers, each of whom were required to act under New York State Law." (Id. at 1).

[2]Plaintiff further objected that "all the defenses urged now, could and should have been aired in a fair accommodation process, or in the appeals process." (Pl.'s Objections 2.) This objection is without merit. Defendants could not be expected to assert that the Individual Defendants were shielded from liability before the Individual Defendants were ever named as defendants in a lawsuit.

2007)("[C]laims under the Rehabilitation Act may not be brought against individuals, either in their personal or official capacity . . . ."); <u>Menes v. CUNY Univ.</u>, 92 F. Supp. 2d 294, 306 (S.D.N.Y. 2000); <u>Sutherland v. New York State Dep't of Law</u>, No. 96 Civ. 6935, 1999 U.S. Dist. LEXIS 7309, at *21-22 (S.D.N.Y. May 19, 1999). The Court can find no authority that would allow it, on equitable grounds, to circumvent this rule. Irrespective of their behavior, the Individual Defendants cannot be held liable under Plaintiff's Rehabilitation Act claim. Therefore, the Court dismisses with prejudice the Rehabilitation Act claim as to the Individual Defendants.

### 3. Rule 12(b)(6) Motion to Dismiss

Defendants moved for dismissal of Plaintiff's Rehabilitation Act claim as to all Defendants pursuant to Rule 12(b)(6) for failure to state a claim on which relief may be granted. (Defs.' Mem. 9-19.) The 1/25/08 Report recommended that the Rehabilitation Act claim as to the remaining Defendants, NYS and UCS, should be dismissed without prejudice to replead within thirty days of this Court's decision. (1/25/08 Report 5, 19.) Specifically, the 1/25/08 Report determined that Plaintiff did not adequately plead that he was an "individual with a disability" under the Rehabilitation Act. (<u>Id.</u> at 16.)

Plaintiff objected to the recommended dismissal of the

Rehabilitation Act claim on Rule 12(b)(6) grounds.[3] After <u>de novo</u> review, the Court dismisses without prejudice Plaintiff's Rehabilitation Act claim as to Defendants NYS and UCS.

**a. Standard of Review for Rule 12(b)(6) Motion to Dismiss**

A defendant may move to dismiss a claim under Rule 12(b)(6)

---

[3]Plaintiff's objection rested on two arguments. After <u>de novo</u> review of these underlying contentions, the Court finds Plaintiff's two specific arguments are without merit.

First, Plaintiff argued that "UCS has no policy for dealing with ADA accommodation requests." (Pl.'s Objections 1.) This Court previously dismissed with prejudice Plaintiff's ADA claim as to all Defendants. To the extent that Plaintiff's first objection bears on Plaintiff's Rehabilitation Act claim, because Plaintiff has not adequately alleged that he was an "individual with a disability" under the Rehabilitation Act, <u>see</u> <u>infra</u> Part III(C)(3)(c), the Court need not reach this issue.

Second, Plaintiff argued that:

> The Commissioner of Social Security designated [him] Disabled [sic] throughout all the time periods in question here. There has been no evidence proffered by the Defendants to rebut this designation. Until and unless the Defendants can rebut Plaintiff's designation Their [sic] should be no question that [he] was disabled under the ADA.

(Pl.'s Objections 1.) Plaintiff's argument is without merit. In order to survive a motion to dismiss pursuant to Rule 12(b)(6), Plaintiff must adequately allege that he was an "individual with a disability" as defined by the Rehabilitation Act. <u>See</u> 29 U.S.C. § 705(20)(B). Plaintiff's designation as disabled by the Social Security Administration ("SSA"), (Pl.'s Objections 1; Pl.'s Mem. 3), and the New Jersey Department of Motor Vehicles, (Pl.'s Mem. 3), does not satisfy this requirement. <u>See, e.g.</u>, <u>Cleveland v. Policy Mgmt. Sys. Corp.</u>, 526 U.S. 795, 802-05 (1999) (explaining the divergence in the ADA and SSA definitions of disability).

Although Plaintiff's two underlying arguments are unavailing, the Court construes Plaintiff's objections to "raise the strongest arguments that they suggest." <u>Pabon</u>, 459 F.3d at 248. The Court thus construes Plaintiff's objections to challenge the 1/25/08 Report's determination that Plaintiff failed to adequately allege that he was an "individual with a disability" as defined by the Rehabilitation Act. Accordingly, the Court reviews <u>de novo</u> the 1/25/08 Report's analysis of this issue.

for failure to state a claim on which relief can be granted. In weighing a motion to dismiss, the Court must "accept[] as true the factual allegations in the complaint and draw[] all inferences in the plaintiff's favor." Allaire Corp., 433 F.3d at 249-50 (internal quotation marks and citation omitted). "[W]hen a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1969 n.8 (2007). However, where a plaintiff fails to "nudge[]" his claim "across the line from conceivable to plausible," the complaint must be dismissed. Id. at 1974.

Courts "construe complaints filed by pro se litigants liberally and interpret them to raise the strongest arguments that they suggest." Pabon, 459 F.3d at 248 (internal quotation marks and citation omitted). "[T]he mandate to read the papers of pro se litigants generously makes it appropriate to consider plaintiff's additional materials, such as his opposition memorandum." Burgess v. Goord, No. 98 Civ. 2077, 1999 U.S. Dist. LEXIS 611, at *2 n.1 (S.D.N.Y. Jan. 26, 1999) (internal quotation marks and citation omitted). The Court therefore considers the factual allegations set forth in Plaintiff's Amended Complaint and in Plaintiff's opposition materials to Defendants' motion to

dismiss.

**b.    The Elements of a Rehabilitation Act Claim**

The Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of his or her disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). To state a claim under the Rehabilitation Act "for discrimination based upon [an] employer's failure to accommodate," a plaintiff must "alleg[e] facts showing:" (1) that the employer receives federal financial assistance[;][4] "(2) that [the plaintiff] is an individual with a disability within the meaning of the statute . . . [;] (3) that, with or without reasonable accommodation, [the plaintiff] could perform the essential functions of the job[;][5] and (4) that the

_____

[4]Defendants did not challenge that Defendants NYS and UCS receive federal financial assistance. Thus, Plaintiff satisfied the first element of his Rehabilitation Act claim.

[5]Defendants challenged the reasonableness of Plaintiff's requested accommodation: a transfer back to Staten Island. (Def.'s Mem. 17-19.) Essentially, Defendants argued that as a matter of law, a transfer to shorten an employee's commute cannot constitute a reasonable accommodation. (Id. at 18.) This argument is misplaced. Although Defendants "may be able to develop an evidentiary record . . . that is sufficient to demonstrate the unreasonableness of the requested accommodation as a matter of law," the Court cannot deem unreasonable Plaintiff's request for a transfer to shorten his commute simply because it is a request for a transfer to shorten his commute. See Lyons v. Legal Aid Soc'y, 68 F.3d 1512, 1517 (2d Cir. 1995) (holding that the reasonableness of an employee's request for a parking space requires the development of a factual record and that "there is nothing inherently unreasonable . . . in requiring an

employer had notice of the plaintiff's disability and failed to provide such accommodation."[6] <u>Lyons v. Legal Aid Soc'y</u>, 68 F.3d 1512, 1515 (2d Cir. 1995). The Court now turns to the second element of Plaintiff's Rehabilitation Act claim and holds that Plaintiff failed to adequately allege that he was an "individual with a disability."

### c. An "Individual with a Disability" Under the Rehabilitation Act

The Rehabilitation Act provides three alternative definitions of an "individual with a disability:" any person who "[1] has a physical or mental impairment which substantially limits one or more of such person's major life activities; [2] has a record of such an impairment; or [3] is regarded as having

---

employer to furnish an otherwise qualified disabled employee with assistance related to her ability to get to work"). Thus, Plaintiff adequately alleged the third element of his Rehabilitation Act claim for purposes of a Rule 12(b)(6) motion to dismiss.

[6]Defendants challenged Plaintiff's allegation that Defendants failed to provide a reasonable accommodation. (Def.'s Mem. 15-17.) Essentially, Defendants argued that Plaintiff failed to (1) "demonstrate that there was a vacant position available" to which he could have been transferred and (2) "establish that the seniority system was violated so as to discriminate against [P]laintiff because of his alleged disability." (<u>Id.</u> at 17.) These arguments are misplaced. Plaintiff alleged that his transfer back to Staten Island required him to accept a less senior position. (Am. Compl. ¶ 95.) Thus, Plaintiff adequately alleged that Defendants failed to transfer him to an equivalent position. Although Plaintiff "bears both the burden of production and the burden of persuasion on the question whether a suitable vacancy existed at the time he sought transfer," <u>Jackan v. New York State Dep't of Labor</u>, 205 F.3d 562, 567 (2d Cir. 2000), he is not required to produce evidence to satisfy these burdens at the motion to dismiss stage. The Court holds that Plaintiff adequately alleged the fourth element of his Rehabilitation Act claim for purposes of a Rule 12(b)(6) motion to dismiss.

such an impairment." 29 U.S.C. § 705(20)(B).[7]

The 1/25/08 Report determined that Plaintiff did not adequately allege that "his claimed impairment substantially limited him in any particular major life activity." (1/25/08 Report 16.) After <u>de novo</u> review, the Court holds that Plaintiff failed to adequately allege that he met any of the three definitions of an "individual with a disability" under the Rehabilitation Act. Therefore, Plaintiff's Rehabilitation Act claim is dismissed as to the remaining Defendants, NYS and UCS.

### (i) Actual Impairment

In evaluating whether a plaintiff meets the first definition of an "individual with a disability" under the Rehabilitation Act, "courts follow [a] three-step process . . . to determine: (1) whether plaintiff had an impairment; (2) whether the impairment affected a major life activity within the meaning of the Rehabilitation Act; and (3) whether the impairment substantially limited the major life activity." <u>Gentile v. Potter</u>, 509 F. Supp. 2d 221, 236 (E.D.N.Y. 2007) (citation

---

[7]The definition of an "individual with a disability" under the Rehabilitation Act is "almost identical to that of a disabled person under the ADA. Therefore, in determining whether the plaintiff falls within this definition, cases that interpret the definition of a disabled person under the ADA are instructive." <u>Garvin v. Potter</u>, 367 F. Supp. 2d 548, 561 (S.D.N.Y. 2005) (citations omitted). Furthermore, "[b]ecause the Rehabilitation Act regulations provide no guidance as to what constitutes a substantial limitation, Second Circuit courts have looked to EEOC regulations implementing the ADA." <u>Id.</u>; <u>see</u> <u>Colwell v. Suffolk County Police Dep't</u>, 158 F.3d 635, 643 (2d Cir. 1998).

omitted).

After de novo review, the Court adopts the reasoning set forth in the 1/25/08 Report Part I(B)(2)(a). The Court concludes that Plaintiff's systolic heart failure constitutes a physical impairment under the Rehabilitation Act and that Plaintiff adequately alleged that his impairment affected the major life activities of working and breathing. However, Plaintiff failed to adequately allege that his impairment substantially limited his working or his breathing.[8] Because Plaintiff failed to adequately allege that his impairment substantially limited a major life activity, the Court holds that Plaintiff failed to meet the first definition of an "individual with a disability" under the Rehabilitation Act.

### (ii) Record of an Impairment

In the alternative, a plaintiff may meet the second definition of an "individual with a disability" under the Rehabilitation Act by adequately alleging that he has a record of an impairment that substantially limits one or more major life

---

[8]Courts consider the following three factors when evaluating "whether an impairment substantially limits a major life activity . . . : (1) the nature and severity of the impairment, (2) the duration or expected duration of the impairment, and (3) the permanent or long-term impact of or resulting from the impairment." Menes, 92 F. Supp. 2d at 302 (citing 29 C.F.R. 1630.2(j)(2)(i)-(iii)). Regarding his ability to breathe, Plaintiff failed to allege facts concerning the nature, severity, duration, and long-term impact of his impairment on this major life activity. (1/25/08 Report 14, 17-18.) As stated above, although Plaintiff alleged that his impairment affected his breathing, he failed to allege that his impairment substantially limited his breathing.

activities. 29 U.S.C. § 705(20)(B)(ii). "The intent of this provision, in part, is to ensure that people are not discriminated against because of a history of a disability." Colwell, 158 F.3d at 645 (quoting 29 C.F.R. § 1630 App., § 1630.2(k)). The plaintiff's record must (1) be relied on by the plaintiff's employer, and (2) indicate an impairment that would substantially limit one or more of the plaintiff's major life activities. Id. After de novo review, the Court holds that Plaintiff cannot meet the second definition of an "individual with a disability" under the Rehabilitation Act.

Plaintiff failed to allege a record that indicates he had an impairment that would substantially limit one or more major life activities. Plaintiff's only alleged record of an impairment concerns his approximately fourteen-month hospitalization and recovery. However, "[t]he fact of [a] hospitalization does not establish a record of a substantially limiting impairment." Colwell, 158 F.3d at 645 (emphasis in original). In Colwell, the Second Circuit held that "one month in the hospital and six months at home," which amounted to "a seven-month impairment of [the plaintiff's] ability to work, [coupled with] non-particularized and unspecific residual limitations on [the plaintiff's] work, [was] of too short a duration and too vague an extent to be substantially limiting." Id. at 646. Although the Second Circuit recognized that a "hospitalization is certainly a

record of an impairment," the <u>Colwell</u> court concluded that "the disabling experience of a single acute episode of hospitalization" was not a record of a <u>substantially limiting</u> impairment. <u>Id.</u>

Plaintiff's convalescence allegedly took longer than fourteen months. (Am. Compl. ¶ 11.) Although Plaintiff's hospitalization and recovery was twice as long as the <u>Colwell</u> plaintiff's hospitalization and recovery, it was nevertheless "a single acute episode." 158 F.3d at 646. Furthermore, shortly after Plaintiff returned to work, his cardiologist stated that Plaintiff was "physically capable of performing work functions."[9] (Am. Compl. Ex. F.) Plaintiff thus cannot "prolong indefinitely the disabling experience of" his hospitalization and recovery.[10]

---

[9]Although Plaintiff's cardiologist expressed concerns about Plaintiff's commute, commuting is not recognized as a major life activity. <u>See</u> <u>Menes</u>, 92 F. Supp. 2d at 303. Therefore, Plaintiff's cardiologist did not indicate that Plaintiff's impairment would substantially limit any major life activity.

[10]The Court notes that Plaintiff adequately alleged that his impairment <u>affected</u> his breathing after the fourteen-month convalescence. However, Plaintiff cannot rely on his breathing difficulties to prolong the disabling experience of his hospitalization and recovery because he failed to allege that he ever notified Defendants of his breathing difficulties. Indeed, Plaintiff alleged that "[a]lthough [he] offered signed releases for [his] extensive medical records . . . [D]efendants made no effort to obtain the proffered records." (Pl.'s Mem. 6; <u>see also</u> Pl.'s Mem. 3, 8.) The only medical record discussing Plaintiff's impairment that Defendants allegedly reviewed is the letter from Plaintiff's cardiologist which did not indicate that Plaintiff's impairment substantially limited his breathing. (Am. Compl. Ex. F.) Therefore, assuming <u>arguendo</u> that Plaintiff has a record that indicates that his impairment <u>substantially limited</u> his breathing, Plaintiff failed to allege that Defendants relied on any such record.

Id. Therefore, Plaintiff's temporary inability to work and engage in other major life activities is a record of an impairment, but is not a record of a <u>substantially limiting</u> impairment. Accordingly, the Court holds that Plaintiff cannot meet the second definition of an "individual with a disability" under the Rehabilitation Act.

### (iii)　　Regarded as Having an Impairment

In the alternative, a plaintiff may meet the third definition of an "individual with a disability" under the Rehabilitation Act by adequately alleging that he was regarded as having an impairment that substantially limited one or more major life activities. 29 U.S.C. § 705(20)(B)(iii). A plaintiff is regarded as having such an impairment if he:

> (1) [h]as a physical or mental impairment that does not substantially limit major life activities but is treated by [an employer] as constituting such a limitation; (2) [h]as a physical or mental impairment that substantially limits major life activities only as a result of the attitudes of others toward such impairment; or (3) [h]as none of the impairments . . . but is treated by [an employer] as having a substantially limiting impairment.

<u>Gentile</u>, 509 F. Supp. 2d at 237. The determination of "whether an individual is regarded as having a disability turns on the employer's perception of the employee and is therefore a question of intent, not whether the employee has a disability." <u>Colwell</u>, 158 F.3d at 646 (internal quotation marks and citation omitted). After <u>de novo</u> review, the Court holds that Plaintiff cannot meet

the third definition of an "individual with a disability" under
the Rehabilitation Act.

Plaintiff failed to allege that his employers perceived him
to have, or treated him as having, an impairment that
substantially limited one or more major life activities. First,
although Plaintiff alleged that Defendants were aware of his
systolic heart failure, (Pl.'s Mem. 2, 7, 8), and of his
designation as disabled by the Social Security Administration and
the New Jersey Department of Motor Vehicles, (Id. at 3, 7), "mere
knowledge of an employee's impairment does not establish that the
employer regarded the employee as disabled." Batac v. Pavarini
Constr. Co., 2005 U.S. Dist. LEXIS 25765, at *25 (S.D.N.Y. Oct.
27, 2005) (citation omitted).

Second, "[w]hen the major life activity under consideration
is that of working, the statutory phrase 'substantially limits'
requires, at a minimum, that plaintiffs allege they are unable to
work in a broad class of jobs." Sutton v. United Air Lines, 527
U.S. 471, 491 (1999). Plaintiff alleged that his project
supervisors on the Court Clerks Manual "were very concerned about
the work being too physically taxing. They urged [Plaintiff] to
work at a pace that would not cause [his] health to deteriorate."
(Am. Compl. ¶ 28.) The alleged supervisors' concern does not
reveal a perception that Plaintiff's impairment substantially
limited his ability to perform a broad range of jobs, or even his

specific job. Therefore, the alleged supervisors' concern falls
far short of a perception on the part of Defendants that
Plaintiff's impairment substantially limited his ability to work,
or engage in any other major life activity. Indeed, immediately
upon Plaintiff's return to work, Defendants assigned Plaintiff
the task of completing the Court Clerks Manual, a "major
undertaking." (Am. Compl. ¶ 28.)

Third, the thrust of Plaintiff's Amended Complaint is that
Defendants failed to perceive Plaintiff as an "individual with a
disability" under the Rehabilitation Act. Defendants allegedly
ignored or rejected all of Plaintiff's requests and filings
advocating for his transfer back to Staten Island. (Id. ¶¶ 34,
35, 37, 40-41, 44, 46.)

The Court holds that Plaintiff cannot meet the third
definition of an "individual with a disability" under the
Rehabilitation Act.

### (iv) Conclusion

After de novo review, the Court holds that Plaintiff failed
to adequately allege that he is an "individual with a disability"
under the Rehabilitation Act. First, although Plaintiff alleged
that his impairment affected his breathing, he failed to
adequately allege that his impairment substantially limited his
breathing. The Court thus holds that Plaintiff fails to meet the
first definition of an "individual with a disability." Second,

Plaintiff failed to adequately allege that he has a record of an impairment. The Court thus holds that Plaintiff cannot meet the second definition of an "individual with a disability." Third, Plaintiff failed to adequately allege that he was regarded as having an impairment. The Court thus holds that Plaintiff cannot meet the third definition of an "individual with a disability."[11] Plaintiff does not meet any of the three alternative definitions of an "individual with a disability" and therefore cannot demonstrate an essential element of a _prima facie_ Rehabilitation Act claim. Accordingly, the Court dismisses Plaintiff's Rehabilitation Act claim as to the remaining Defendants, NYS and UCS.

**D. Leave to Replead**

The 1/25/08 Report recommended "that Plaintiff be granted one final opportunity to amend his pleading, as against [Defendants NYS and UCS] only, for the limited purpose of expanding upon his allegation . . . that his heart impairment affected his ability to breathe." (1/25/08 Report 17-18.) Specifically, the 1/25/08 Report recommended that Plaintiff "be permitted to assert facts relating to the nature, severity, and

_____

[11]The 1/25/08 Report suggested that where an employee has a record of an impairment or is regarded as having an impairment, but does not have an actual impairment at the time of the alleged violation, an employer would not be required to provide a reasonable accommodation. (1/25/08 Report 15, 15 n.9.) The Court need not reach this issue because Plaintiff failed to allege that he had a record of an impairment or was regarded as having an impairment.

duration of any limitations on his breathing that resulted from his alleged heart impairment." (<u>Id.</u> at 18.) Essentially, the 1/25/08 Report recommended that Plaintiff be granted leave to plead that his impairment <u>substantially limited</u> his ability to breathe in order to show that Plaintiff met the first definition of an "individual with a disability" under the Rehabilitation Act. The 1/25/08 Report further recommended that Plaintiff's state and city law claims be held in abeyance pending the filing of a Second Amended Complaint. (<u>Id.</u> at 18.)

No party filed objections to the 1/25/08 Report's recommendation to grant Plaintiff leave to file a Second Amended Complaint. The Court therefore reviewed for clear error this portion of the 1/25/08 Report and finds it to be well-reasoned and free of any "clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee's note; <u>see also</u> <u>Nelson</u>, 618 F. Supp. at 1189.

The Court thus (1) dismisses Plaintiff's Rehabilitation Act claim as to Defendants NYS and UCS without prejudice to file a Second Amended Complaint within thirty days of this Order to adequately allege that Plaintiff's heart impairment <u>substantially limited</u> his ability to breathe,[12] and (2) holds in abeyance

---

[12]Because even a liberal reading of the Amended Complaint gives no indication that Plaintiff can meet the second or third definitions of an "individual with a disability" under the Rehabilitation Act, the Court does not grant Plaintiff leave to replead that he had a record of an impairment or that he was regarded as having an impairment. <u>See</u> <u>Branum v. Clark</u>, 927 F.2d 698, 705 (2d Cir. 1991).

Plaintiff's state and city law claims. If Plaintiff fails to file a Second Amended Complaint within thirty days of this Order, the Court will (1) dismiss Plaintiff's Rehabilitation Act claims as to Defendants NYS and UCS with prejudice, and (2) decline to exercise supplemental jurisdiction over Plaintiff's state and city law claims.

## IV. Conclusion

Accordingly, this Court adopts the recommendations set forth in the 1/25/08 Report. The Court (1) reiterates that Plaintiff's ADA and ADEA claims were previously dismissed with prejudice as to all Defendants and advises Plaintiff that he must remove his ADA and ADEA claims in any further pleadings; (2) dismisses Plaintiff's Rehabilitation Act claim as to the Individual Defendants with prejudice; (3) dismisses Plaintiff's Rehabilitation Act claim as to Defendants NYS and UCS without prejudice to file a Second Amended Complaint within thirty days of this Order; and (4) holds in abeyance Plaintiff's state and city law claims.

If Plaintiff files a Second Amended Complaint within thirty days of this Order, he must adequately allege that he is an "individual with a disability" as defined by the Rehabilitation Act. In order to do so, Plaintiff must allege "facts relating to the nature, severity, and duration of any limitations on his breathing that resulted from his alleged heart impairment."

(1/25/08 Report 18.)

If Plaintiff fails to file a Second Amended Complaint within thirty days of this Order, the Court will (1) dismiss Plaintiff's Rehabilitation Act claims as to Defendants NYS and UCS with prejudice, and (2) decline to exercise supplemental jurisdiction over Plaintiff's state and city law claims.

SO ORDERED.

Dated:     New York, New York
           March 7, 2008

_____
           Kimba M. Wood
United States District Judge